■GREEN, J.
delivered the opinion of the court.
This is a suit to recover the penalty imposed by an ordinance of the Corporation of Kaleigh, prohibiting breaches of the peace. The defendant having committed a breach of the peace in said town, by fighting, the only question in the case is, whether the Corporation had power to enact the ordinance in question. By the act of 1835, eh. 85, sec. 8, (private acts,) the town of Raleigh is incorporated with the powers and privileges that were granted to the town of LaGrange by an act (ch. 50) of the same session. In the second section of that act it is provided, “that said corporation shall have power and authority to pass such laws and ordinances necessary and proper to preserve the health and comfort of the town,!’ &c.
It is insisted by -the plaintiff, that this provision of the charter authorizes the passage of an ordinance to prevent breaches of the peace, because a breach of the peace disturbs the comfort” of the citizens. We think this would be a strained construction of the charter. If this were the meaning, it would include the whole catalogue of criminal offences, and authorize the Corporation to inflict penalties for the commission of them. But the utter inefficiency of such a power, and the folly of confer *13 ring it in relation to the higher offences, forbids the conclusion that it was intended to be conferred in the case before us.
The power to pass laws for the preservation of the health and comfort of the town, is limited to the enactment of such ordinance as related to these two objects. They are coupled in the same sentence — constitute but one grant of authority, and cannot be disconnected when we come to consider the meaning of the grant, as to the extent of the authority conferred. We do not think, therefore, that the authority to enact the ordinance under consideration is conferred by the charter of the Corporation, and not being therein conferred, it does not exist. Let the judgment be affirmed.